UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| **LASHONDA R. ANDERSON,,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | |
| ) | Case No.  08-2108 |
| **COMMISSIONER OF SOCIAL SECURITY,** ) | |
| sued as Michael J. Astrue, ) | |
| ) | |
| **Defendant.** ) | |

## REPORT AND RECOMMENDATION

In November 2007, Administrative Law Judge Joseph Warzycki (hereinafter "ALJ") denied Plaintiff Lashonda Anderson's application for disability insurance benefits (hereinafter "DIB") and supplemental security income (hereinafter "SSI"). The ALJ based his decision on findings that, although Plaintiff suffers from severe impairments, her claimed limitations are not credible, she retained the capability to perform past relevant work, and she is capable of performing several jobs currently widely available in the economy.

In May 2008, Plaintiff filed a Complaint (#3) against Defendant Michael J. Astrue, the Commissioner of Social Security, seeking judicial review of the ALJ's decision to deny DIB and SSI. In November 2008, Plaintiff filed a Motion for Summary Judgment or Remand (#14). In January 2009, Defendant filed a Motion for an Order Which Affirms the Commissioner's Decision (#17). After reviewing the administrative record and the parties' memoranda, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Plaintiff's Motion for Summary Judgment or Remand **(#14)** be **GRANTED**.

### I.  Background
#### A.  Procedural Background

Plaintiff applied for DIB and SSI in 2001; these applications were denied and are not at issue in this case. Plaintiff filed her most recent applications for DIB and SSI in January 2004, alleging disability beginning April 1, 1999. The Social Security Administration (hereinafter "SSA") denied Plaintiff's application in May 2004, and again upon reconsideration in

December 2004.  Plaintiff filed a Request for Hearing, and then appeared and testified at the hearing in June 2007.  In November 2007, the ALJ denied Plaintiff's application for DIB and SSI based on findings that Plaintiff was not disabled within the meaning of the Social Security Act and that she was capable of performing past relevant work and other jobs available in the economy.

In March 2008, the Appeals Council denied Plaintiff's request for review of this decision, making the ALJ's decision the Commissioner's final decision.  Plaintiff then appealed this decision by filing a complaint with this Court pursuant to 42 U.S.C. § 405(g).  Plaintiff seeks an outright reversal.  In the alternative, she asks the Court to remand the case for reconsideration.

### B.  The Hearing Before the ALJ

In June 2007, the ALJ held a hearing at which Plaintiff and Dr. James Lanier, a vocational expert (hereinafter "VE"), testified.

Plaintiff testified that she has two children, ages 6 and 4, and that they all live in a second floor apartment.  (R. 710.)  She had a separate teacher in high school for math and reading.  (R. 713.)  Her last job in 2004 was stuffing inserts into newspapers, and her last full time job was with a cleaning company.  (R. 714-16.)  Prior to that, she worked as a snack bar cook at Wal-Mart, as a kitchen helper and cafeteria counter attendant at Lincoln Challenge Academy, as a seasonal cleaner, and as a cashier.  (R. 719-23.)

Plaintiff testified that she makes her daughters breakfast, gets her daughters to school, goes to doctor appointments, vacuums, does laundry, makes her bed, shops for little household supplies, cooks supper, does the dishes, and takes showers on a daily basis.  (R. 724-31.)  Plaintiff likes to draw, listen to music, and read the town events paper for fun.  (R. 276-27.)  She does not have a driver's license.  (R. 710.)  She takes her children to the park and out to ride their bikes.  (R. 733.)  She reported she takes Inderal and Imitrex for headaches, which she gets when the weather changes and in bright light.  (R. 737.)  Her headaches last all day and all she can do is turn everything off and curl up under the covers until the pain goes away.  Plaintiff has

back and leg pain, that can reach a pain level of 10 out of 10.  (R. 740-41.)  Plaintiff was on Zoloft but took herself off because of the side-effects.  (R. 742.)  She has patella femur syndrome, which causes her knee to swell and pop out.  (R. 744.)  Plaintiff reported she has poor circulation as a result of a childhood injury, requiring her to wear support hose.  (R. 745-46.)  Plaintiff testified she cannot stand long, has trouble bending, stooping, crouching, and kneeling, and uses crutches when her knee bothers her.  (R. 750-52.)  When her leg pain is bad, about a pain level 9 out of 10, she uses her crutches on and off for about four hours a day.  (R. 752-54.)

### C.  The ALJ's Decision

The SSA defines "disabled" as the inability "to engage in any substantial gainful activity by reason of any medically-determinable physical or mental impairment that can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. § 1382c(a)(3)(A).  To determine whether a claimant is disabled within the meaning of the Social Security Act, the ALJ must proceed through a five-step analysis.  20 C.F.R. § 416.920(a-f).  At each step, if the ALJ affirmatively finds the claimant disabled or not disabled, the inquiry ends, but if no determination can be made, the Commissioner proceeds to the next step.  20 C.F.R. § 416.920(a)(4).  If the claimant is currently employed or was previously employed during the relevant period, he is not disabled.  20 C.F.R. § 416.920(a)(4)(i).  The second question is whether the claimant has a severe medical impairment that will last at least twelve months.  20 C.F.R. § 416.920(a)(4)(ii).  If the claimant does not have a severe impairment, the inquiry ends.  *Id*.  However, if the claimant has a severe impairment, the third step is to ask whether the severe impairment meets or equals one listed in Appendix 1 to subpart P of part 404 of Chapter 20.  20 C.F.R. § 416.920(a)(4)(iii).  If it does, the claimant is disabled.  *Id*.  If it does not, the fourth question is whether claimant is able to perform his past relevant work with his current impairment.  20 C.F.R. § 416.920(a)(4)(iv).  If he can, then he is not disabled.  *Id*.  If he is not able to perform his past work, the fifth and final question is whether, with his current limitations, he can perform other work which exists in significant numbers in the national economy.  20 C.F.R. § 416.920(c)(1).

Here, the ALJ found that Plaintiff has severe impairments including disorder of the back, mood disorder, seizures, and other arthropathies, but these impairments do not meet or medically equal any of the listed impairments. The ALJ determined that Plaintiff has the residual functioning capacity (hereinafter "RFC") to perform a limited range of light work that is limited to simple repetitive tasks and instructions, and does not require exposure to ladders, ropes, scaffolds, moving machinery, or unprotected heights. Based on this RFC and the VE's testimony, the ALJ determined that Plaintiff was able to perform her past relevant work as a cashier. In addition, the ALJ found that Plaintiff can perform other jobs that exist in significant numbers in the national economy, therefore, Plaintiff is not disabled as defined by the Social Security Act.

## II. Standard of Review

The ALJ's decision is subject to review pursuant to 42 U.S.C. § 405(g), which provides that "the findings of the commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." The United States Supreme Court has defined substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citing *Consol. Edison Co. v. New York*, 305 U.S. 197 (1938)). Where conflicting evidence may allow reasonable minds to differ as to whether a claimant is disabled, the responsibility for making that determination rests with the ALJ. *Books v. Chater*, 91 F.3d 972, 977-78 (7th Cir. 1996); *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir. 1987). Therefore, the question for review is not whether the claimant is disabled, but whether substantial evidence in the record supports the ALJ's finding of no disability. *Id.* The Court defers to the ALJ's determinations of credibility, "so long as they find some support in the record." *Edwards v. Sullivan*, 985 F.2d 334, 338 (7th Cir. 1993).

## III. Discussion

Plaintiff argues that the ALJ erred by improperly playing the role of doctor, improperly making a vague credibility determination, and improperly giving an incomplete hypothetical to

the VE. Consistent with these arguments, Plaintiff contends that the ALJ's decision is not supported by substantial evidence.

### A. RFC Finding

Plaintiff first argues that the ALJ failed to adequately trace a path from the evidence to his conclusion, but rather recites the evidence from the record and then summarily rejects all of the evaluating physicians' conclusions because they are not supported by the evidence.

First, the ALJ expressly rejected Dr. Raju's evaluation, stating that "[a] consultative examination limited her to occasional use of the hands for push/pull and occasional kneeling, but the undersigned has not found medical records to support these limitations." (R. 29.) The Court notes that Dr. Raju clearly stated the medical reason for limiting Plaintiff to occasional use of the hands for push/pull and occasional kneeling is low back pain and knee pain. (*See* R. 634-35). In light of this evidence, the ALJ's rejection of back pain as medical evidence of limitations seems inconsistent with his previous acknowledgment that Plaintiff had back pain.

The ALJ also rejected all physicians' opinions. He stated that he "considered 20 CFR 404.1527 and 20 CFR 416.927 in evaluating the physicians' conclusions and finds that such conclusions are not supported by the evidence of the record." (R. 29.) Nevertheless, having rejected all physicians' conclusions, the ALJ determined Plaintiff's RFC.

SSR 96-8p states that "the RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." The Seventh Circuit has "repeatedly stated, . . . , that an ALJ must 'minimally articulate his reasons for crediting or rejecting evidence of disability'." *Clifford v. Apfel*, 227 F.3d 863, 870 (7th Cir. 2000) (quoting *Scivally v. Sullivan*, 966 F.2d 1070, 1076 (7th Cir. 1992)).

Here, the ALJ did not explain how he determined the RFC. After rejecting all of the physicians' opinions, the ALJ apparently relied on his own judgment to assess Plaintiff's RFC. In the absence of an explanation for the ALJ's reasoning for determining Plaintiff's RFC, the Court is unable to conduct a meaningful review. Because the ALJ failed to trace the path from the evidence to his conclusion and to articulate his reasoning, the Court recommends remanding.

### B. Credibility Finding

Plaintiff also argues that the ALJ failed to explain the basis for his assessment of Plaintiff's credibility.

The Commissioner responds that the ALJ outlined Plaintiff's medical record and applicable regulations, which he considered in making his decision, and that the Court can infer the ALJ's reasoning.

In a recent decision, the Seventh Circuit stated that, in reviewing a credibility determination, a court "merely examine[s] whether the ALJ's determination was reasoned and supported." *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (citing *Jens v. Barnhart*, 347 F.3d 209, 213-14 (7th Cir. 2001)). "[O]nly when the ALJ's determination lacks any explanation or support . . . [will we] declare it to be patently wrong." *Id.* at 413-14. The ALJ's decision "must contain specific reasons for the finding on credibility" and "must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." SSR 96-7p. Thus, it is not sufficient for the ALJ to make "a single, conclusory statement . . . that 'the allegations are (or are not) credible.'" SSR 96-7p. The Seventh Circuit has further stated that "[w]ithout an adequate explanation, neither the applicant nor subsequent reviewers will have a fair sense of how the applicant's testimony is weighed." *Steele v. Barnhart*, 290 F.3d 936, 942 (7th Cir. 2002). The Seventh Circuit has also noted that "the Commissioner's effort to pinpoint parts of the ALJ's decision that support the credibility finding is unhelpful." *Golembiewski v. Barnhart*, 322 F.3d 912, 916 (7th Cir. 2003).

Here, the ALJ, in a single sentence analysis, rejected Plaintiff's credibility by stating as follows: "After considering the evidence of the record, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible." (R. 22.)  The ALJ offered no explanations as to why Plaintiff is not credible, which leaves the Court nothing to review.  Thus, the ALJ's credibility determination is patently wrong.  The Commissioner tries to explain and rationalize the ALJ's decision through improper *post hoc* rationalization.  It is not the Commissioner's job to make the logical bridge from the evidence to the ALJ's conclusion, and further SSR 96-7p clearly states the ALJ needs to specify his reasons.  *Golembiewski*, 322 F.3d at 916.

As a final matter, Plaintiff has asked the Court to remand for an award of benefits.  The Court does not review whether a claimant is disabled, but whether substantial evidence in the record supports the ALJ's finding of no disability.  *Walker*, 834 F.2d at 640.  Under 42 U.S.C. § 405(g), the court has the authority to affirm, reverse, or modify a final decision of the Commissioner, with or without remand.  42 U.S.C. § 405(g), sentence 4.  A judicial award of benefits is proper when all essential factual issues have been resolved and the record clearly establishes that the plaintiff is entitled to benefits.  *See, e.g., Campbell v. Shalala*, 988 F.2d 741, 744 (7thCir. 1993).  Remand for reconsideration by an ALJ is appropriate where further findings or explanation will clarify the rationale for the ALJ's decision.  *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996).  Based on the evidence in the record, the Court cannot conclude that the record clearly establishes that Plaintiff is entitled to benefits.

Because the ALJ rejected all physicians' opinions, failed to articulate how he arrived at his RFC determination, and failed to explain his credibility assessment, the Court recommends remanding this case for further consideration consistent with this order.

### IV.  Summary

For the reasons set forth above, this Court recommends Plaintiff's Motion for Summary Judgment or Remand **(#14)** be **GRANTED**, pursuant to sentence four of 42 U.S.C. § 495(g), for further consideration consistent with this order.  The parties are advised that any objection to this recommendation must be filed in writing with the clerk within ten (10) working days after being served with a copy of this Report and Recommendation.  *See* 28 U.S.C. §636(b)(1).  Failure to object will constitute a waiver of objections on appeal.  *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTER this 23rd day of June, 2009.

s/ DAVID G. BERNTHAL<br>
U.S. MAGISTRATE JUDGE